IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN T. YOUNG,

      Plaintiff,

v.                                        CV 11-0478 WPL

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

## ORDER

This matter is before the Court on Plaintiff's motion for an award of attorney fees under the Equal Access to Justice Act. (Doc. 29.) Defendant does not object to the motion. (Doc. 30.) I have reviewed the motion, the response, and the record.

I am perturbed by the errors contained in Plaintiff's motion. The fact that Plaintiff's counsel, Michael Armstrong, failed to alter this motion, which he clearly filed in another case, is evident in the first paragraph of the motion, which states, "Plaintiff asks **she** be awarded such attorney's fees . . . ." (Doc. 29 at 1 (emphasis added).) Mr. Armstrong's confusion of his client's gender continues throughout the motion. More troublesome is Mr. Armstrong's statement of the administrative and judicial proceedings, in which he states incorrect dates for all major events in this case, cites to inapplicable portions of the record, and misidentifies the presiding judge in this case. (*Id.* at 2.)

Despite the fact that Plaintiff's motion is replete with errors, I find that Mr. Armstrong did complete the affidavit based on the facts of the case at hand and requested the amount of fees based on the hours actually expended in this case. Mr. Armstrong appropriately adjusted the underlined and bolded portions of the motion. Accordingly, I find that an award of fees is appropriate and that the amount of fees requested is reasonable, with the exception of the 1.0 hour expended on this

motion. I will only allow Mr. Armstrong to bill for .3 hours related to the preparation of this motion.

IT IS THEREFORE ORDERED THAT the motion is GRANTED IN PART AND DENIED IN PART, and Plaintiff is awarded $4,530.00 in attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). *See Astrue v. Ratliff*, --- U.S. ---, 130 S. Ct. 2521, 2525-27 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

IT IS FURTHER ORDERED THAT, if Mr. Armstrong receives attorney fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Mr. Armstrong shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.